IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Roderick Joe, #270004, ) | |
| ) | |
| ) | Civil Action No. 8:06-119-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **ORDER AND REPORT OF** |
| ) | **MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| William B. Funderburk; SCDC ADA ) | |
| Coordinator; Division of Investigations; ) | |
| Robert E. Ward, Deputy Director; Division ) | |
| of Medical and Health Services; Robert E ) | |
| Petersen, Deputy General Counsel; John ) | |
| Davis; Barney Loyd, Associate Warden; ) | |
| Whitney Smith, Captain; NFN Colden, ) | |
| Lieutenant; NFN Lux, Sergeant; NFN Arflin,) | |
| Sergeant; NFN Glenn, Officer; J.C. Counts,) | |
| Associate Warden; and Richard C. ) | |
| Bearden, MD, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

    The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motions for summary judgment and the plaintiff's various motions to appoint counsel and compel discovery.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action seeking damages, a declaratory judgment, and injunctive relief based on numerous claims. Principally, he contends that he was assaulted on October 4, 2005, while being escorted from the recreation yard at Tyger River Correctional Institution. He contends that he was slammed to the ground and kicked. The plaintiff further alleges that certain of the defendants used chemical munitions against him.

The remainder of the plaintiff's claims include allegations that he has been denied 1) access to the courts; (2) access to inadequate cell delivery and paging system; (3) access to certain foods necessary for his medications; (4) proper counseling, psychological treatment, programs, and activities; and (5) adequate medical attention. He has further sought to have a separation/caution placed between himself and some of the defendants.

The defendants have moved for summary judgment. By order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. On June 14, 2006, the plaintiff filed a response to the motion for summary judgment.

## **LAW AND ANAYLSIS**

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the

2

petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### **DISCUSSION**

**I.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Plaintiff has failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Prison Litigation Reform Act's ("PLRA") exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," including "excessive force or some other wrong." *Porter v. Nussle*, 534

U.S. 516, 524, 532 (2002).  The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

"To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Thus, the inmate must actually and strictly comply with the requirements of the administrative processes.  *See Houze v. Segarra*, 217 F. Supp. 2d 394, 396 (S.D.N.Y. 2002) (and cases cited therein); *see also Booth*, 532 U.S. at 735 (noting that Booth failed to undertake any intermediate or appellate steps in the administrative process).  An inmate's failure to "properly take each step within the administrative process. . . bars, and does not just postpone, suit under § 1983."  *Pozo*, 286 F.3d at 1024 (emphasis added); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (dismissal is appropriate if the inmate fails to exhaust or only partially exhausts administrative remedies); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (same).

Critically, administrative remedies must be exhausted with respect to each claim against each and every Defendant or the entire Complaint must be dismissed under the "total exhaustion rule" found in § 1997e(a). *See Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.2000); *Cummings v. Rubenstein*, 2004 WL 3312062 (S.D. W. Va. September 30, 2004); *Givens v. City and County of San Francisco*, 2002 WL 31478180, at *2 (N.D.Cal. Nov.5, 2002); *Saunders v. Goord*, 2002 WL 1751341, at *3 (S.D.N.Y. Jul.29, 2002)).  The defendants have produced evidence that the plaintiff, in the least, has failed to begin any grievance process whatsoever in regards to most of the allegations in his Complaint. (Hallman Aff. ¶ 6.) The plaintiff himself has submitted to the Court only two grievance forms. The first is in regards to the October 4, 2005 incident and only concerns the actual alleged assault.  (*See* Amend. Complaint Ex. A.; Pl.'s Resp. Summ. J. Exs. at 12.)  The second

4

grievance is the plaintiff's appeal of sanctions imposed for his own conduct on October 4. (Pl.'s Resp. Summ. J. Ex. A.)

The plaintiff, however, has not filed any grievances related to the alleged denial of access to the courts; access to inadequate cell delivery and paging system; access to certain foods necessary for his medications; proper counseling, psychological treatment, programs, and activities; adequate medical attention; a separation/caution between himself and the defendants; or any other variety of claims which may be included in his Amended Complaint.[1] (*See* Hallman Aff. ¶ 6; Pl.'s Resp. Exs. & Ex. A.)  He certainly has not followed any such grievance process, in regards to these claims, through to its conclusion. Accordingly, the entire Complaint should be dismissed even were it the case that other claims had been exhausted.

But in fact, the evidence demonstrates that even in regards to that claim for which the plaintiff has initiated some grievance process – alleged excessive force on October 4 – he has failed to fully exhaust his remedies.  (Pl.'s Resp. Attach. 3 (Exs.); Amend. Complaint at 2.).)  As of the time of the filing of his amended Complaint, the plaintiff admitted that he had not received a final determination concerning that grievance. Although it now appears that a final determination denying the plaintiff's excessive force grievance was rendered on May 1, 2006, it is undisputed that the plaintiff has not appealed any such determination under the South Carolina Administrative Procedures Act ("APA") as authorized by *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (S.C.1999).  *See Broten v. Charleston County Detention Center*, 2006 WL 354834, at *2 (D.S.C. February 14, 2006) (Harwell, J.)  The plaintiff does not contend otherwise.  Further, there is no evidence or allegation in regards to the cause for the plaintiff's failure to do so.

---

[1] To be clear, the plaintiff indicates in his Complaint that he had complained about some of these matters to various institutional officials. But, what remains undisputed is that the plaintiff has never instituted the formal grievance process as to any of these claims.

5

**II.    APPOINTMENT OF COUNSEL**

The plaintiff requests that the Court grant him counsel because he suffers various physical and mental impairments and resides in an overcrowded, unsafe, and understaffed environment where he is allegedly subject to discrimination and retaliation. The United States Supreme Court has held that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Department of Social Services*, 452 U.S. 18, 26-27 (1981).  Accordingly, it is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983.  *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).  While the Court does possess power to exercise discretion to appoint counsel for an indigent in a civil action, such an appointment is made "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

If the plaintiff loses this lawsuit, he will clearly not lose his personal liberty since he is already an inmate within the Department of Corrections, and even if he prevails, the plaintiff will not be released from custody.  Moreover, the Court disagrees that there is any evidence or reason to believe that the plaintiff's alleged physical and mental limitations constitute exceptional circumstances.  The plaintiff has been prolific in his filings and has proven more than capable of articulating his various positions.  Notwithstanding, the plaintiff is not prejudiced by any lack of counsel at this juncture.  He has not exhausted his administrative remedies and the undersigned has recommend to the District Court that the plaintiff's Complaint should  be dismissed, but without prejudice to his ability to refile at a later time.

## **CONCLUSION**

Wherefore, it is ORDERED that the plaintiff's motions to appoint counsel and to compel discovery are DENIED.  It is RECOMMENDED that the defendants' Motions for Summary Judgment be GRANTED and the plaintiff's Complaint dismissed without prejudice.

It is so ORDERED and RECOMMENDED.

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

July 21, 2006
Greenville, South Carolina