UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Roderick Joe, #270004,<br><br>                              Plaintiff,<br><br>             v.<br><br>William B. Funderburk, SCDC ADA Coordinator, Division of Investigations; Robert E. Ward, Deputy Director, Division of Medical and Health Services; Robert E. Petersen, Deputy General Counsel; John Davis; Barney Loyd, Associate Warden; Whitney Smith, Captain; NFN Colden, Lieutenant; NFN Lux, Sergeant; NFN Glenn, Officer; J.C. Counts, Associate Warden; and Richard C. Bearden, M.D.;<br><br>                              Defendants. | C/A No. 8:06-119-GRA-BHH<br><br><br><br><br><br><br>ORDER |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on July 21, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Liberally construed, plaintiff alleges that defendants assaulted him and denied him access to courts, adequate cell delivery and paging system, foods necessary for his medications, proper psychological treatment, and adequate medical attention. The magistrate recommended that summary judgment be granted and plaintiff's complaint be dismissed without prejudice because plaintiff failed to exhaust his administrative

1

remedies. The magistrate also declined to appoint counsel because plaintiff did not meet the exceptional circumstances required in a § 1983 case.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on August 15, 2006.

Plaintiff claims that he has, in fact, exhausted his administrative remedies

because his appeal to the Administrative Law Court was denied. The memorandum dated June 19, 2006 from the clerk's office indicates that his appeal was returned to him because he failed to pay a filing fee. Plaintiff was free to re-file with payment of the filing fee, and he has not done so. Thus, plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

Plaintiff further objects to the magistrate's finding that exceptional circumstances do not exist to warrant appointment of counsel. Plaintiff cites that he is unable to afford counsel, that his imprisonment limits his ability to litigate his case, that he has limited access to the law library and limited knowledge of the law, and that plaintiff's confinement in administrative segregation increases the delay in receiving law books. The magistrate properly found that these did not constitute exceptional circumstances. Almost every prisoner bringing a § 1983 claim would be able to cite the same circumstances as plaintiff here, and so the Court can hardly consider these circumstances to be exceptional.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that plaintiff's motions to appoint counsel and to compel discovery are DENIED.

IT IS FURTHER ORDERED that defendants' Motions for Summary Judgment be GRANTED and plaintiff's Complaint be DISMISSED without prejudice.

3

IT IS SO ORDERED.

*G. Ross Anderson, Jr.*
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September 18, 2006.

4

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.